James P. Keenley (State Bar No. 253106)
Emily A. Bolt (State Bar No. 253109)
Brian H. Kim (State Bar No. 215492)
BOLT KEENLEY KIM LLP
2855 Telegraph Ave., Suite 517
Berkeley, California 94705
Phone: (510) 225-0696
Fax: (510) 225-1095

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| JANE DOE, | Case No.: 3:20-cv-6291 |
| Plaintiff, | **COMPLAINT (ERISA)** |
| v. | |
| PRUDENTIAL INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

## INTRODUCTION

1. This case challenges Prudential Insurance Company of America's ("Prudential") denial of Plaintiff Jane Doe's claim for disability benefits under the Akamai Technologies, Inc. Long Term Disability Plan (the "Plan"). Plaintiff was and is disabled under the terms of the Plan and is entitled to retroactive and ongoing benefits under the Plan.

## JURISDICTION

2. Plaintiff brings this action for declaratory, injunctive, and monetary relief pursuant to section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). This Court has subject matter jurisdiction over Plaintiff's claim pursuant to ERISA § 502(e) and (f), 29 U.S.C. § 1132(e) and (f), and 28 U.S.C. § 1331.

## VENUE

3. Venue lies in the Northern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the breaches alleged occurred in this District, and the ERISA-governed plan at issue was administered in part in this District. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within this District.

## INTRADISTRICT ASSIGNMENT

4. This case should be assigned to the San Francisco / Oakland Division because the relevant acts and omissions occurred within this division.

## PARTIES

5. At all relevant times, Plaintiff was a participant, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), in the Plan. Plaintiff is proceeding under a pseudonym in this matter because the evidence in the case addresses highly confidential medical conditions, including psychiatric conditions, and it is necessary for Plaintiff to proceed under a pseudonym to protect her from harassment, injury, ridicule or personal embarrassment. Defendant can identify Plaintiff by her claim number, which is 12418365. Concurrent with the filing of this complaint Plaintiff has filed an ex pare motion to proceed under the pseudonym.

6. At all relevant times, Defendant Prudential underwrote and administered claims for benefits under the Plan pursuant to a group long-term disability insurance policy issued to Plaintiff's former employer, Akamai Technologies, for purposes of providing long-term disability insurance to Plan participants, including Plaintiff.

7. At all relevant times, the Plan was an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), sponsored by Plaintiff's employer, Akamai Technologies, Inc. The Plan is not a named party to this action because, at all relevant times, Defendant Prudential administered claims for benefits under the Plan and funded the benefits provided by the Plan. Prudential also and rendered the adverse benefit determination in Plaintiff's case.

## FACTS

8. At all relevant times the Plan offered, among other things, long-term disability benefits to employees of Akamai Technologies, Inc., including Plaintiff, provided that an employee could establish that she was "disabled" within the meaning of the Plan.

9. Under the terms of the Plan a participant like Plaintiff is "disabled" and entitled to benefits if they are unable to perform the material and substantial duties of their regular occupation because of sickness or injury.

10. Plaintiff has been disabled within the meaning of the Plan since October 19, 2017. Plaintiff suffers from fibromyalgia and chronic pain syndrome, conditions that cause substantial pain and fatigue that make it impossible for her to perform the material and substantial duties of her regular occupation as a marketing executive.

11. Plaintiff filed a timely claim for long-term benefits under the Plan, Prudential denied Plaintiff's initial claim for long-term disability benefits by letter dated April 17, 2019.

12. Plaintiff submitted a timely appeal of Prudential's adverse determination with respect to his claim. Prudential denied Plaintiff's appeal by letter dated January 30, 2020.

13. Plaintiff has exhausted her mandatory administrative remedies with respect to her claim for long-term disability benefits from the Plan.

14. Plaintiff remains disabled to this day, her fibromyalgia and chronic pain syndrome have not recovered, and she is still unable to perform the material and substantial duties of her regular occupation as a result.

15. As a direct and proximate result of the aforementioned acts of Defendant, Plaintiff suffered damages in the form of unpaid disability benefits, interest thereon, and attorney's fees and costs of suit.

**FIRST CLAIM FOR RELIEF**
**[Claim for Benefits Pursuant to ERISA § 502(a)(1)(B) Against Defendant]**

16. Plaintiff incorporates Paragraphs 1 through 16 as though fully set forth herein.

17. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to her under the terms of a plan, to enforce her rights under the terms of a plan, and/or to clarify her rights to future benefits under the terms of a plan.

18. At all relevant times, under the terms of the Plan as set forth in the governing plan instruments, Plaintiff became and remains entitled to long-term disability benefits under the Plan.

19. By denying Plaintiff's claim for benefits, and by related acts and omissions, Prudential has violated, and continues to violate, the terms of the Plan and Plaintiff's rights thereunder. Prudential's refusal to pay Plaintiff benefits violates the terms of the Plan, and Prudential's actions in administering Plaintiff's claim and in denying benefits were wrongful and an abuse of discretion. At all material times herein, Prudential failed and refused to honor the terms of the Plan.

20. As a proximate result of Prudential's actions, Plaintiff has been deprived of benefits to which she was and is entitled and has suffered damages as set forth above. Plaintiff further seeks a declaration as to her current entitlement to long-term disability benefits and an order requiring Prudential to pay ongoing monthly long-term disability benefits in accordance with the Plan terms for such time as Plaintiff remains disabled within the meaning of the Plan.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court grant the following relief:

A. Declare that Defendant violated the terms of the Plan by denying Plaintiff's claim for benefits;

B. Order that Defendant pay Plaintiff's past benefits owed under the terms of the Plan through to the date that judgment is rendered herein, together with prejudgment interest on each and every such payment through to the date that judgment is rendered herein;

C. Declare Plaintiff's right to receive ongoing monthly benefits under the terms of the Plan and order Defendant to pay such benefits until such time as she no longer qualifies for benefits under the Plan terms;

D. Award Plaintiff attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g);

E. Provide such other relief as the Court deems equitable and just.

Respectfully submitted,

Dated:  September 4, 2020

BOLT KEENLEY KIM LLP

By: /s/ *James P. Keenley*
James P. Keenley
Attorneys for Plaintiff